DECISION
This case is before the Court on plaintiff's claim for damages pursuant to the Criminal Injuries Compensation Act, R.I.G.L. 12-25-1 et seq. hereinafter referred to as The Act.
The facts are not in dispute. On September 15, 1992, plaintiff was injured while waiting for a Rhode Island Public Transit Authority bus at Kennedy Plaza in the City of Providence. The injury resulted from a brick thrown by a juvenile which struck the plaintiff in the leg. This incident was reported immediately to the Providence police and the juvenile was apprehended. On September 30, 1992, the juvenile was found to be delinquent by the Rhode Island Family Court.
Based upon the above-stated facts, there is no question that plaintiff is a victim under The Act.
On November 7, 1994, this Court granted plaintiff's motion to accelerate based on the age of the victim. A settlement conference was held and the State of Rhode Island made an offer to the plaintiff, which was approved by the Court. However, the plaintiff rejected the offer and requested a hearing as to damages.
Compensation under the Criminal Injuries Compensation Act is controlled by R.I.G.L. 12-25-5, which reads in pertinent part:
 "The court may render judgment for compensation or issue an order approving a settlement under this chapter for —
 (a) expenses actually and reasonably incurred as a result of the personal injury or death of the victim;
 (b) pecuniary loss to the dependents of the deceased victim;
 (c) pain and suffering of the victim; and
 (d) any other pecuniary loss resulting from the personal injury or death of the victim, the amount of which the court finds upon the evidence to be reasonable and necessary.
 In determining the amount of the judgment or order approving a settlement, the court may, in its discretion, take into consideration the rates and amounts payable for injuries and death under other statutes of this state and of the United States, and the amount of revenue in the violent crimes indemnity fund and the number and nature of claims pending against it." (Emphasis added.)
 12-25-2 (7)(A) defines "pecuniary loss" for personal injury as follows:
 "(1) medical expenses (including psychiatric care) for which the victim is not compensated by any other source;
 (2) hospital expenses for which the victim is not compensated by any other source;
 (3) loss of past earnings for which the victim is not compensated by any other source;
 (4) loss of future earnings because of a disability resulting from the personal injury."
In the instant case, plaintiff has not made a claim for lost wages and most, but not all, of the medical expenses were paid by Medicare. Out-of-pocket expenses claimed by the plaintiff amount to $99.91.
The remainder of the claim is for damages related to pain and suffering. It should be noted at the outset that Rhode Island is one of the few states that is enlightened enough to recognize pain and suffering as recoverable by victims of violent crimes. If plaintiff's case had been filed in any other jurisdiction, her recovery would have been limited to the above-mentioned $99.91. However, in Rhode Island, our General Assembly has provided for additional compensation for victims in the form of pain and suffering.
However, The Act also requires that this Court take into consideration the amount of revenue in the violent crimes indemnity fund and the number and nature of claims pending against it. At present, the indemnity fund owes approximately three million dollars in outstanding awards. In addition, over 1500 cases are currently pending. The delay in settling these cases is today, as it has always been, not the inability of the Court to hear the cases but rather the lack of funds available for victim compensation.
In order to compensate victims, while at the same time dealing with this lack of funds, the Court has been approving awards for pain and suffering based on a standard of compensating victims at the rate of $125 per week for each week of partial disability and $250 per week for each week of total disability. While the Court is aware that this falls far below the normal civil standard, it takes into account the lack of financial resources.
In the instant case, plaintiff was injured on September 15, 1992. She was hospitalized on September 17 and released on September 22. She was then readmitted on September 23 and finally discharged on September 28. Between the date of injury and October 5, 1992, she treated at Harvard Community Health. Although not raised at the pretrial conference, the hearing produced evidence that plaintiff, on October 7 and 14, visited Rhode Island Hospital because of depression. The only other documentation presented at the hearing is that of a doctor's visit in 1995 where no evidence of ratable permanent impairment was found.
Based upon the evidence introduced at the hearing, this Court finds that in the category of pain and suffering, plaintiff was disabled for a period of six weeks of total disability and twelve weeks of partial disability. Based upon the above enumerated dollar amounts, plaintiff is thus awarded $3000 in pain and suffering. In addition, she is entitled to be reimbursed for $99.91 in out-of-pocket expenses for a total award in the amount of $3099.91.
Counsel for plaintiff is awarded a fee of $464.99 and costs of $194.45.
Counsel for the state shall prepare an award in accordance with this decision.